**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**


ROBERT ALLEN WALKER,

      Plaintiff,

v.                                                                    Case No. 8:12-cv-1539-T-30AEP

RICHARD ISKE, et al.,

      Defendants.

_____/

**<u>ORDER</u>**

Plaintiff, a pretrial detainee at the Pinellas County Jail ("PCJ"), Clearwater, Florida,

proceeding *pro se*, initiated this action by filing a civil rights complaint pursuant to 42 U.S.C.

§ 1983 (Dkt. 1), and a motion to proceed in this action *in forma pauperis* (Dkt. 2).[1]  Plaintiff

names five employees at PCJ, Chaplain Richard Iske, Captain Mark Fletcher, Major

Slaughter, Lieutenant Gibney, and Sheriff Gaultieri as defendants in this action.  Plaintiff

alleges that he is a Muslim and adheres to all tenets of the Islamic faith.  He sincerely

believes that he must keep a diet mandated by the Holy Qur'an.  Plaintiff contends that

Defendants are violating his First and Fourteenth Amendment rights by not providing him

with a diet that meets the requirements of the Holy Qur'an.  He also contends that Defendants

are violating his equal protection rights under the Fourteenth Amendment because Jewish

---

[1]Plaintiff's motion to proceed *in forma pauperis* was granted on September 11, 2012 (see Dkt. 4).

inmates are provided a kosher diet which meets their religious dietary needs, but Defendants

have refused Plaintiff's request for a kosher diet.

As relief, Plaintiff seeks $1,000 in compensatory damages, $100,000 in punitive

damages, an injunction directing Defendants to provide him with a diet that meets the

requirements of the Holy Qur'an and is designed "with guidance from a Muslim Cleric or the

Imam of al local mosque," and a written apology from Defendant Iske to the Muslim

population at the PCJ (Dkt. 1 at 13).

### Analysis

Pursuant to 28 U.S.C. § 1915 governing proceedings *in forma pauperis*, the Court may

dismiss a case at any time if the Court determines that the allegation of poverty is untrue,[2]

or the action is frivolous, malicious, fails to state a claim upon which relief can be granted,

or seeks monetary relief against a defendant who is immune from such relief.[3] The Court

must liberally construe a *pro se* Plaintiff's allegations.[4]  Upon review of the Complaint, the

Court finds that the Complaint is due to be dismissed without prejudice to Plaintiff filing an

amended complaint.

**I.     Claim for compensatory and punitive damages**

Pursuant to 42 U.S.C. § 1997e(e), "[n]o Federal civil action may be brought by a

prisoner confined in a jail, prison, or other correctional facility, for mental or emotional

---

[2]28 U.S.C. § 1915(e)(2)(A).

[3]See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

[4]*Haines v. Kerner*, 404 U.S. 519 (1972).

injury suffered while in custody without a prior showing of physical injury."[5]   Plaintiff

claims that he is entitled to compensatory and punitive damages, but he has not alleged any

incident that resulted in a physical injury. Therefore, Plaintiff is not entitled to seek recovery

for mental or emotional injury. Although "nominal damages are appropriate if a plaintiff

establishes a violation of a fundamental constitutional right, even if he cannot prove actual

injury sufficient to entitle him to compensatory damages," Plaintiff has not sought nominal

damages.  *See Hughes v. Lott*, 350 F. 3d 1157, 1162 (11th Cir. 2003).  Accordingly,

Plaintiff's request for compensatory and punitive damages must be dismissed.

## II.    Request for written apology

Plaintiff's claim for injunctive relief that an order issue requiring Defendants to

apologize to the Muslim population in the PCJ must be dismissed.  This Court does not have

authority to compel Defendants to apologize.  *See, e.g.,Woodruff v. Ohman*, 29 Fed. Appx.

337, 346 (6th Cir. 2002) (unpublished) (concluding that "the district court abused its

discretion in ordering Ohman to issue an apology to Woodruff"); *Devonish v. Atl. County

Justice Facility*, 2010 U.S. Dist. LEXIS 77118, at \*8-9 (D.N.J. July 29, 2010) (unpublished)

(an apology is not a cognizable remedy) (citations omitted).

## III.   First Amendment and Equal Protection claims

Plaintiff sues Defendants for violating his right to practice his religion under the First

Amendment's Free Exercise Clause by failing to provide him meals that conform to his

---

[5]This limitation applies to constitutional claims brought in a civil action while an inmate is confined. *Harris v. Garner*, 216 F.3d 970, 984-85 (11th Cir. 2000).  Further, 1997e(e) applies to pre-trial detainees. *Cf. Quinlan v. Pers. Transp. Servs. Co., LLC*, 329 Fed. Appx. 246, 248 (11th Cir. 2009) (unpublished).

religious beliefs. He also asserts a Fourteenth Amendment Equal Protection claim, alleging that Jewish prisoners at the PCJ are provided a kosher diet, while Defendants have denied his request for a kosher diet.

### A.      First Amendment Claim

The First Amendment to the United States Constitution provides in pertinent part that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof. . . ." U.S. Const. Amend. I.  Prisoners retain the First Amendment guarantee that no law shall proscribe the free exercise of religion. *Cruz v. Beto*, 405 U.S. 319, 322 (1972).  "An inmate requesting a special diet on the basis of a sincerely held religious belief, has 'a constitutionally protected interest upon which the prison administration may not unreasonably infringe.'" *Williams v. Bitner*, 455 F.3d 186, 192 (3d Cir. 2006) (citing *DeHart v. Horn*, 227 F.3d 47, 53 (3d Cir. 2000)).

Plaintiff's Complaint alleges in pertinent part that Plaintiff "is being denied a diet that meets the requirements and commands issued from the Holy Qur'an." (Dkt. 1 at 6).  The Complaint does not, however, allege how the meals provided to him at the PCJ violate his religious beliefs.  Although the Complaint sets forth some of the requirements of Plaintiff's religion for slaughtering animals and preparing food, the Complaint does not allege that the meals at the PCJ violate these requirements.  Rather, in the May 31, 2012 prison grievance that Plaintiff attached to the Complaint, Plaintiff stated that he does not know "how the meat products of animals served here are slaughtered. . . ." (Dkt. 1-1 at 4).

A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555-56 (2007). A complaint's "factual allegations must be enough to raise a right to relief above the speculative level." *Id.* In other words, the complaint must contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

The allegations of the Complaint concerning a denial of Plaintiff's right to exercise his religion are conclusory, lacking specific facts to show a plausible claim for a violation of this right. Accordingly, the Court finds that Plaintiff has failed to state a claim upon which relief can be granted.

## B.    Equal Protection Claim

To  establish an equal protection claim, "a prisoner must demonstrate that (1) he is similarly situated to other prisoners who received more favorable treatment; and [that] (2) the state engaged in invidious discrimination against him based on race, religion, national origin, or some other constitutionally protected basis." *Sweet v. Sec'y Dep't of Corr.*, 467 F.3d 1311, 1318-19 (11th Cir. 2006).  The Complaint alleges only that Jewish prisoners are provided kosher meals but Plaintiff is not.  The allegations of the Complaint do not show that Plaintiff is similarly situated to Jewish prisoners because there is no allegation that kosher meals are mandated by Plaintiff's faith. Further, there is no allegation that the decision to

serve kosher meals to Jewish prisoners but not to Plaintiff was the product of intentional discrimination. Therefore, the allegations of the Complaint fail to satisfy both equal protection requirements. Accordingly, the Complaint fails to state an equal protection claim upon which relief can be granted.

Nevertheless, this Court will grant Plaintiff leave to amend his complaint. *See Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991) ("Where it appears a more carefully drafted complaint might state a claim upon which relief can be granted, we have held that a district court should give a plaintiff an opportunity to amend his complaint instead of dismissing it."), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir.2002)). *See also Taylor v. McSwain*, 335 Fed. Appx. 32, 33 (11th Cir. 2009) (unpublished opinion) ("[T]he *Bank* rule remains applicable to *pro se* litigants when their complaints are dismissed with prejudice.").

## LEAVE TO AMEND

Within **thirty (30) days** from the date of this Order, Plaintiff shall submit an amended complaint to cure the deficiencies outlined above. The Clerk of Court will mail Plaintiff a court-approved form to use for filing a first amended complaint. If Plaintiff fails to use the court-approved form, the Court may strike the amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "Amended Complaint." The amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original complaint by reference.

**The amended complaint supersedes the original complaint, and all claims must be raised in the amended complaint.**

Plaintiff *must* limit the allegations in his amended complaint to claims related to the claims asserted in the original complaint, and name as Defendants only those persons who are responsible for the alleged constitutional violations.  Plaintiff must place Defendants' names in the style of the case on the first page of the civil rights complaint form, and include their addresses and employment positions in the "Defendants" section of the form.  In the statement of facts, Plaintiff should clearly describe how each named Defendant is involved in each alleged constitutional violation, alleging the claims as to each Defendant in separately numbered paragraphs and including specific dates of, and facts regarding, the alleged illegal acts.  In the section entitled "Statement of Claims," Plaintiff must state what rights or statutes he contends have been violated, and he must provide reference to the facts supporting the claimed violations.   Finally, in the "Relief Requested" section, Plaintiff shall identify the form of relief he seeks from this Court.

ACCORDINGLY, the Court **ORDERS** that:

1.      Plaintiff's complaint (Dkt. 1) is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief can be granted.  The dismissal is without prejudice to Plaintiff filing an amended complaint.

2.      The Clerk of Court is directed to mail with Plaintiff's copy of this Order a court-approved form for filing a civil rights complaint.  This case number should be written on the form.

3.      Plaintiff has **thirty (30) days** from the date of this Order to file an amended complaint, submitted on the court form, in compliance with this Order.

4.      If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court **shall**, without further notice, **dismiss** this action without prejudice.

**DONE** and **ORDERED** in Tampa, Florida on October 29, 2012.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy furnished to:
*Pro se* Plaintiff