UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBERT ALLEN WALKER,

    Plaintiff,

v.                                              Case No. 8:12-cv-1539-T-30AEP

RICHARD ISKE, et al.,

    Defendants.
_____/

## **ORDER**

      This matter is before the Court, *sua sponte,* for review of the file. Plaintiff, a detainee at the Pinellas County Jail, Clearwater, Florida, proceeding *pro se*, initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 (Dkt. 1). On October 29, 2012, the Court dismissed the complaint, without prejudice to Plaintiff filing an amended complaint on or before November 28, 2012 (Dkt. 5).

      To date, Plaintiff has not filed an amended complaint. Plaintiff was cautioned in the October 29, 2012 order that if he failed to timely file an amended complaint, this action would be dismissed without further notice (Id.). The October 29, 2012 order was mailed to Plaintiff's address of record, and it has not been returned to the Clerk as undeliverable.

      Rule 41(b) of the Federal Rules of Civil Procedure provides that a court can, in its own discretion, dismiss an action based on the failure of a plaintiff to prosecute or comply with any order of the court. *See also Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-31

(1962) (finding that "[t]he authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."); *Lopez v. Aransas County Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978) (finding that "[a]lthough [Rule 41(b)] is phrased in terms of dismissal on the motion of the defendant, it is clear that the power is inherent in the court and may be exercised sua sponte whenever necessary to 'achieve the orderly and expeditious disposition of cases.'").

**ACCORDINGLY**, the Court **ORDERS** that:

1. This action is **DISMISSED** pursuant to Fed. R. Civ. P. 41(b) for Plaintiff's failure to prosecute and failure to comply with the Court's October 29, 2012 order. The dismissal is without prejudice to Plaintiff filing a new civil rights complaint, in a new action under a new case number.

2. The **Clerk** shall terminate all pending motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on December 6, 2012.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: *Pro se* Plaintiff